IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| YOLANDA FRAZIER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OMNICARE, INC. and HENRY INDUSTRIES, INC.,<br><br>Defendant. | Case No. 3:23-cv-00856 |

## JOINT MOTION FOR SETTLEMENT APPROVAL

**I.   INTRODUCTION**

Plaintiff Yolanda Frazier filed this case March 15, 2023, seeking allegedly unpaid overtime and minimum wages from Henry Industries, Inc. and Omnicare, LLC[1] under the Fair Labor Standards Act ("FLSA") and the Missouri Minimum Wage Law ("MMWL"). Frazier alleges that she was misclassified as an independent contractor by Henry in connection with the performance of delivery services, and that Omnicare should also be held liable on her claims as a purported joint employer. Henry and Omnicare deny Frazier's allegations and further deny that Frazier is entitled to any relief whatsoever.

The Parties, through counsel, have engaged in arm's-length discussions in an attempt to resolve this matter without the defense incurring significant additional attorneys' fees that were likely to present an obstacle to future settlement efforts. Those discussions resulted in an agreed-upon settlement that is fair, reasonable, and provides a significant recovery to Frazier. Accordingly, the parties now jointly and respectfully ask the Court to review and approve all terms

---

[1] Although it was formerly known as Omnicare, Inc.—and the case styling uses that name—the proper name for the entity is now Omnicare, LLC.

of the proposed agreement so that the settlement can be effectuated, payments can be made, and this case can be resolved and dismissed.

## II.     DISCUSSION

### A.     Negotiations and Settlement

The Parties' Settlement Agreement was reached after months of discussions between the Parties. The Settlement Agreement followed independent and thorough investigations of the allegations and defenses in this case by experienced counsel. The Parties have also engaged in discovery that permitted the Parties to analyze the potential damages in the case, including, *inter alia*, by virtue of the production of full records of the deliveries performed by Frazier. The Parties' fact-gathering, along with their knowledge of the law relevant to the claims asserted in this case, allowed the Parties to conduct an informed weigh Frazier's potential recovery in this litigation, the possibility that Frazier may recover nothing at all, and the attorneys' fees and costs that are likely to be incurred in reaching either of those results.

The Settlement Agreement was negotiated by counsel with significant experience in wage and hour claims—and, in particular, with the types of minimum wage and overtime claims raised in this litigation. Those counsel also have considerable experience in resolving similar claims, and came to the negotiations with an understanding of reasonable settlement ranges for Frazier's claim.

The terms of the Parties' compromise are set forth in the Settlement Agreement, which has been jointly filed under seal with the Court. *See, e.g.*, *Iannotti v. Wood Grp. Mustang*, No. 20-cv-958-DWD, 2023 WL 6217061, at *2 (S.D. Ill. Sept. 25, 2023) (reviewing a settlement agreement *in camera* in granting settlement approval).

**B.     The Court Should Approve the Settlement Agreement.**

"The Seventh Circuit has not addressed the question of whether stipulated agreements under the FLSA require court approval, but district courts in the Seventh Circuit routinely require such approval." *Mollett v. Kohl's Corp.*, No. 21-cv-707-PP, 2022 WL 4641082, at *2 (E.D. Wis. Sept. 30, 2022). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Id.* Court's normally approve "arm's-length negotiations . . . undertaken in good faith by counsel" where "the value of an immediate recovery outweighs the mere possibility of further relief after protected and expensive litigation." *Farber v. Riestererblend, Inc.*, No. 1:22-cv-17-HAB, 2022 WL 17741830, at *1 (N.D. Ind. Dec. 5, 2022).

Here, the terms of the Settlement Agreement are fair, reasonable, and reflective of the relative risks (in terms of merits and litigation costs) to all Parties. The Settlement Agreement was reached through the Parties' independent investigations and evaluations of documents and data exchanged in discovery. Although discovery has not yet closed—and this Settlement Agreement was reached, in part, to avoid further extensive, protracted discovery—the discovery exchanged to date provided a more-than-adequate foundation for an assessment of the relative strengths and weaknesses of the claims and defenses in the case. Those assessments were informed through counsels' extensive experience with similar claims.

The Parties note that the case presents several issues of law and fact that justify a settlement at this stage. While a judgment on the merits could potentially result in a marginally higher payment to Frazier, she faces that her contention she was misclassified as an independent contractor would be rejected, eliminating damages altogether. She similarly faces a risk that Omnicare would be found to not be her joint employer, eliminating any claim against Omnicare. The Parties also disagreed on whether Frazier would be able to establish that Henry and Omnicare

acted willfully, to extend the FLSA's statute of limitations from two years to three years. 29 U.S.C. § 255. Moreover, Defendants asserted multiple defenses in this case, including a good-faith defense to any claimed liquidated damages.

Given the factual and legal uncertainties attendant to the above issues, Frazier determined that the value of her immediate recovery outweighed the risk of obtaining adverse rulings that could lead to a lower figure (or no amount at all) at a later stage. Henry and Omnicare further determined that the benefit of an immediate settlement outweighed the likely costs of litigation, including, at a minimum, multiple depositions, engaging an expert, and a likely summary judgment motions.

### III.   CONCLUSION

For all of the foregoing reasons, the Parties respectfully request that the Court (1) enter an order approving the Settlement as a fair and reasonable resolution of a bona fide dispute; and (2) dismiss this action with prejudice.

Respectfully submitted this 12th day of April 2024.

By: */s/ Tiffany M. Yiatras (with consent)*
Tiffany Marko Yiatras
CONSUMER PROTECTION LEGAL, LLC
308 Hutchinson Rd.
Ellisville, MO 63011
314-541-0317
855-710-7706 (fax)
tiffany@consumerprotectionlegal.com

Francis J. "Casey" Flynn
CAREY DANIS & LOWE
8235 Forsyth Boulevard
Suite 1100
St. Louis, MO 63105
314-662-2836
francisflynn@gmail.com

By: */s/ Andrew M. McKinley*
James J. Swartz, Jr. (pro hac vice)
Andrew McKinley (pro hac vice)
Kathryn S. Clark (IL No. 6289232)
Bailey G. Green (pro hac vice)
Katherine G. Poirot (pro hac vice)
amckinley@seyfarth.com
jswartz@seyfarth.com
kclark@seyfarth.com
bgreen@seyfarth.com
kgpoirot@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia  30309-3958
Telephone:  (404) 885-1500
Facsimile:  (404) 892-7056

| | |
|---|---|
| Philip Joseph Krzeski (pro hac vice)<br>CHESTNUT CAMBRONNE PA<br>100 Washington Avenue South<br>Suite 1700<br>55401<br>Minneapolis, MN 55401<br>612-767-3613<br>612-336-2940 (fax)<br>pkrzeski@chestnutcambronne.com<br><br>*Attorneys for Plaintiff Yolanda Frazier* | *Counsel for Defendant Omnicare, Inc.*<br><br>By:  */s/ Sat Sang S. Khalsa (with consent)*<br>Sat Sang S. Khalsa<br>Taryn Hill<br>Mollie M. Burks<br>GORDON REES SCULLY<br>MANSUKHANI LLP<br>One North Franklin<br>Suite 800<br>Chicago, IL 60606<br>312-796-2963<br>skhalsa@grsm.com<br>thill@grsm.com<br>mburks@grsm.com<br><br>*Counsel for Defendant Henry Industries, Inc.* |

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2024, the foregoing document was filed with the Court via CM/ECF, which served a copy of the same on all counsel of record.

*/s/ Andrew M. McKinley*
Andrew M. McKinley

*Counsel for Defendant Omnicare, Inc.*