IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| YOLANDA FRAZIER, )<br>*Individually and on Behalf of All Others* )<br>*Similarly Situated,* )<br>)<br>         **Plaintiff,** )<br>)<br>vs. )<br>)<br>OMNICARE, INC. ET AL, )<br>)<br>         **Defendants.** ) | Case No. 3:23-cv-856-DWD |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter comes before the Court on the Joint Motion for Settlement Approval, (Doc. 49), and Joint Motion to File the Settlement Under Seal, (Doc. 48), filed by the parties, Plaintiff Yolanda Frazier and Defendants Omnicare, Inc. and Henry Industries, Inc. After reviewing the parties' Settlement Agreement (Doc. 48-1) *in camera*, and for the reasons detailed below, the Court will approve the settlement and grant the joint motions (Docs. 48, 49).

### Background

Plaintiff filed her complaint on March 14, 2023 (Doc. 1). In the complaint, Plaintiff alleged she worked as a delivery driver of pharmaceutical products on behalf of Defendants, who misclassified her as an independent contractor and consequently violated various provisions of Missouri and federal law (Doc. 1). Plaintiff brought two counts against Defendants for violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

1

§§ 206 through 207, *et seq.*, and two counts for violations of Missouri minimum wage laws, Mo. Rev. Stat. §§ 290.500, *et seq.* (Doc. 1). Plaintiff sought to certify a class consisting of "[a]ll current and former Drivers employed by Defendants in the State of Missouri between the date three years prior to the filing of the original complaint and the date of final judgment in this matter" (Doc. 1). Plaintiff sought a declaratory judgment that Defendants' alleged practices are unlawful under Missouri minimum wage laws, and an award of unpaid minimum wages, overtime wages, reimbursement for expenses, liquidated damages, prejudgment and post-judgment interest, and attorneys' fees and costs (Doc. 1). Defendants have at all times denied any liability or wrongdoing, and disputes Plaintiff's claims. Defendants, without admitting or conceding any liability, have agreed to settle this lawsuit in order to avoid the expense and risks associated with continued litigation.

## Discussion

The parties now seek Court approval of the Agreement under FLSA. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (*citing Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1352–53 (11th Cir. 1982) (FLSA settlements must be approved by the Court or Department of Labor). "The Seventh Circuit has not addressed the question of whether stipulated agreements under the FLSA require court approval, but district courts in the Seventh Circuit routinely require such approval." *Mollett v. Kohl's Corp.*, No. 21-CV-707-PP, 2022 WL 4641082, at *2 (E.D. Wis. Sept. 30, 2022) (collecting cases); *see also Salcedo*, 227 F. Supp. 3d at 961 n.1 (N.D. Ill. 2016) (collecting cases). *C.f. Farber v. Riestererblend, Inc.*,

2

No. 1:22-CV-17-HAB, 2022 WL 17741830, at *1 (N.D. Ind. Dec. 5, 2022) ("FLSA collective action settlement agreements require judicial approval.").

"If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement" *Mollett*, 2022 WL 4641082, at *2 (citing *Castillo v. Noodles & Co.*, No. 16-CV-03036, 2016 WL 7451626, at *1 (N.D. Ill. Dec. 23, 2016)); *see also Farber*, 2022 WL 17741830, at *1 ("A reviewing court normally approves a settlement where it is based on 'contentious arm's-length negotiations, which were undertaken in good faith by counsel' and where 'serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.'"); *Winking v. Smithfield Fresh Meats Corp.*, No. 1:22-CV-01937, 2022 WL 16706898, at *1 (N.D. Ill. Nov. 4, 2022) ("Courts approve [FLSA] settlements when they are reached as a result of arm's-length negotiations to resolve bona fide disputes.").

The Court has reviewed the Settlement Agreement (Doc. 48-1) *in camera* and **FINDS** that the Settlement Agreement reflects a reasonable compromise of a *bona fide* dispute and is fair and reasonable.

## Conclusion

For the reasons stated above, the Court **APPROVES** the Settlement Agreement and **GRANTS** the Joint Motion for Settlement Approval (Doc. 49). Further, for good cause shown, the Joint Motion to File Settlement Agreement Under Seal is **GRANTED**. The Settlement Agreement (Doc. 48-1) shall remain **SEALED** until further order of the

Court. This action is hereby **DISMISSED** with prejudice. The Clerk of Court shall enter judgment accordingly and close this case.

    **SO ORDERED.**

Dated: April 17, 2024          /s *David W. Dugan*

                                                 DAVID W. DUGAN
                                                 United States District Judge0